```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  6/26/2024
```

BRIAN COKE NG,

        Plaintiff,

  -against-

SEDGWICK CLAIMS MANAGEMENT INC., et al.,

        Defendants.

23-CV-2145 (MKV) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the motion of pro se plaintiff Brian Coke Ng for sanctions and related relief, filed on June 20, 2024 (Pl. Mot.) (Dkt. 64) will be granted in part, to the extent that (1) defendants must promptly serve their recent motion papers on plaintiff by mail; and (2) plaintiff shall have 30 days from the date of such mailing to respond to the motion. In all other respects, the motion will be denied.

## Background

Plaintiff Ng has filed several lawsuits against defendant Sedgwick Claims Management, Inc. (Sedgwick) and related persons and entities, all arising out of his allegation that he developed myalgia, which was diagnosed in 2017, as a result of having been dispensed an incorrect dose of Zoloft at a K-Mart pharmacy in 2010. *See* Compl. (Dkt. 1) ¶¶ 21-22, 25-26. Sedgwick was K-Mart's third-party claims administrator. *Id.* ¶ 4.

Two such lawsuits are currently pending in this Court. In the above-entitled action, filed on March 14, 2023, plaintiff contends that Sedgwick and its employee Sandra Brach are liable for his "latent injury" because he spoke to Brach by telephone on March 14, 2017, after which it was "pellucidly clear" (to him) that "there was a consensus and acceptance of my latent effects and latent injury claim." *Id.* ¶ 40. However, on March 21, 2017, Sedgwick denied plaintiff's claim on

statute of limitations grounds. *Id.* ¶ 49 & Ex. 6. In *Ng v. Sedgwick CMS Holdings, Inc.*, No. 23-CV-10380 (MKV), filed on November 28, 2023, plaintiff seeks damages, on the same theory, from several of Sedgwick's corporate affiliates. The above-titled action (but not No. 23-CV-10380) is referred to me for general pretrial management. (*See* Dkt. 25.)

On May 31, 2024, defendants in the above-titled action timely filed a motion for judgment on the pleadings (Dkts. 61-63), including two proofs of service stating that their motion papers were served on the plaintiff by "electronic mail," "**AND** by using the SDNY-ECF system," which according to defendants "sent notification of such filing" to plaintiff at the P.O. box that serves as his address of record in this action. (Dkts. 62-11 and 63-2.)

On the same date, defendants in No. 23-CV-10380 filed two motions: (a) a motion to dismiss the original complaint in that action for failure to state a claim upon which relief can be granted (Dkts. 23-25 in 23-CV-10380), including two proofs of service stating that the motion papers were served upon plaintiff by mail, to his P.O. box (Dkts. 24-2 and 25-1 in No. 23-CV-10380); and (b) a motion to dismiss the amended complaint in that action (Dkts. 26-28 in No. 23-CV-10380), including two proofs of service stating that those motion papers were also served upon plaintiff by mail, to his P.O. box. (Dkts. 27-2 and 28-1 in No. 23-CV-10380.)

On June 20, 2024, plaintiff filed his 76-page sanctions motion, in which he complains that defendants *in this action* failed to serve their motion papers by mail to his P.O. box, as required by this Court's order dated April 17, 2024 (April 17 Order) (Dkt. 53). Plaintiff attests that he learned about defendants' motion for judgment on the pleadings "during a call to the Pro Se office on June 4, 2024," Pl. Mot. ¶ 9, after which he visited the courthouse and paid $8.50 to obtain a paper copy of the motion papers. *Id.* ¶ 10. However, he never received paper service copies of defendants'

motion papers *in this action* via his P.O. box. Id. ¶ 9.[1] Plaintiff notes that he has "never signed up or have [sic] any agreements for SDNY-ECF services," *id*. ¶ 12(B), and reports that since an incident in April, involving an inauthentic "cease and desist" letter sent to plaintiff's email as a result of a cyberattack on the law firm representing defendants (*see* Dkt. 58), he has "not been accepting or receiving any mail/electronic mail" from that firm. Pl. Mot. ¶ 12(C).

Plaintiff adds that all of defendants' motions are "fully loaded with nothing but hyperbolism, obfuscations and misrepresenting and/or distorting the facts and truth," Pl. Mot. ¶ 22, and thus are "frivolous" and filed "for improper purposes." *Id*. Plaintiff does not otherwise address the substance of the motions. In this action, he seeks "sanction(s) including monetary sanctions" for defendants' failure to comply with the service requirements set forth in the April 17 Order, and an extension of time to respond to the motion for judgment on the pleadings. *Id*. ¶ 23.[2]

## Discussion

Plaintiff appears to be correct that defendants in this action failed to serve him, by mail, with their motion for judgment on the pleadings and supporting papers. The relevant proofs of service state that they sent him the motion papers by email and by "using the SDNY-ECF system." Filing a document by ECF does *not* result in a physical mailing by Court staff to pro se parties.

---

[1] Plaintiff concedes that he received paper copies of both sets of motion papers in No. 23-CV-10830, via his P.O. box, on June 13, 2023. Pl. Mot. ¶ 21. As to that case, however, plaintiff complains that the motions are "duplicative" and "confusing" because they attack both the original complaint and the amended complaint, and because they appear to have been brought by "terminated parties," that is, entities that plaintiff named as defendants in his original complaint but never served with process, and dropped from his amended complaint. *Id*. ¶¶ 21(B), (C), (I).

[2] Plaintiff does not explain why – after learning that a motion for judgment on the pleadings had been filed in this action – he traveled to the courthouse and paid to have copies of the motion papers made for him, rather than telephoning defendants' counsel and reminding them that they were required to send him a paper copy by mail.

Nor does it result in an electronic notice to pro se parties who (like plaintiff herein) are not themselves Filing Users or Receiving Users on the ECF system. *See* S.D.N.Y. Elec. Case Filing Rules & Insts. (available at https://nysd.uscourts.gov/rules/ecf-related-instructions) § 9.2 ("Attorneys and *pro se* parties who are not Filing or Receiving Users must be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules."). Moreover, as plaintiff correctly notes, the April 17 Order expressly required defendants in this action to serve him by mail. April 17 Order, at 1.

In this instance, however, no sanctions will be assessed, because plaintiff could easily have resolved the problem with a phone call, but instead chose to pay $8.50 to obtain paper copies of the motion papers from the courthouse, and then file a 76-page motion complaining not only about the motion papers that he did not receive by mail in this action but also about the motion papers he *did* receive by mail in No. 23-CV-10830. Plaintiff is reminded that the primary purpose of the rules and court orders governing civil litigation – including my April 17 Order – is to "secure the just, speedy, and inexpensive determination" of the parties' dispute, Fed. R Civ. P. 1, not to provide opportunities to play "gotcha" and seek sanctions. *See Magee v. Walt Disney Co.*, 2020 WL 6047428, at *2 (S.D.N.Y. Oct. 13, 2020) (denying pro se plaintiff's motion for a default judgment and sanctions, based on defendant's late-filed answer, because "litigation in federal court is not a 'gotcha' game.") Plaintiff will, however, be afforded extra time to respond to defendants' motion once it has been properly served upon him.

## Conclusion

Plaintiff's motion (Dkt. 64) is GRANTED IN PART, to the extent that (1) defendants must promptly serve their motion papers (Dkts. 61-63) on plaintiff by mail, to the P.O. box that serves

4

as his address of record in this action, and file a proof of service confirming such mailing; and (2) plaintiff shall have **30 days from the date of such mailing** to respond to the motion. In all other respects the motion is DENIED. Should defendants again violate the April 17 Order, the Court will consider appropriate sanctions.

Dated: New York, New York
June 26, 2024         SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**