USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN COKE NG,

                Plaintiff,

-against-

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and SANDRA BRACH,

                Defendants.

1:23-cv-02145 (MKV)

**OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Brian Coke Ng, proceeding *pro se*, brought this diversity action against Defendant Sedgwick Claims Management Services, Inc., ("Sedgwick"), and Defendant Sandra Brach alleging claims for promissory estoppel and equitable estoppel. ("Compl." at 1, [ECF No. 1]). Defendants move for judgment on the pleadings, [ECF No. 61], and in support filed a memorandum of law seeking dismissal of the Complaint. ("Defs. Mem.," [ECF No. 63]). Plaintiff opposed the motion. ("Pl. Opp.," [ECF No. 67]), and Defendants replied. ("Defs. Reply," [ECF No. 73]). For the reasons discussed below, Defendants' motion is GRANTED.

## BACKGROUND

### I.    FACTUAL BACKGROUND

Plaintiff was a customer of a local Kmart Pharmacy. Compl. ¶ 3. Defendant Sedgwick Claims Management Services Inc. is a third-party claims administrator that handled claims for Kmart Pharmacy, Kmart Holding Corporation, and Sears Holding Corporation. Compl. ¶ 4. Ms. Brach was a claims adjuster and representative at Sedgwick Claims Management Services, Inc. Compl. ¶ 5.

1

Plaintiff alleges that he was prescribed Sertraline/Zoloft in 2010 and experienced vomiting and serotonin syndrome and latent injuries because Kmart Pharmacy incorrectly filled his prescription, gave him the incorrect instructions, and provided him with the wrong dosage amounts. Compl. ¶¶ 21–22. In February 2017, Plaintiff alleges that he was experiencing new symptoms and received medical testing and was diagnosed with Myalgia and "Drug Induced Movement Disorder." Compl. ¶¶ 25–26. On February 24, 2017, Plaintiff allegedly made a phone call to the Kmart Pharmacy that originally had prescribed the medication to him in 2010 and spoke with a pharmacist about his current situation. Comp. ¶ 27.

A few days later, Plaintiff allegedly received two voicemails from Defendant Brach. Compl. ¶¶ 30–31. Plaintiff and Defendant Brach later spoke on the phone. Comp. ¶ 34. Defendant Brach allegedly asked Plaintiff to explain his situation. Compl. ¶ 36. Plaintiff allegedly described how the drug overdose happened, his latent injuries, and the expenses that he has suffered because of this situation. Compl. ¶¶ 36–37. Defendant Brach allegedly responded that since the incident had occurred in 2010, there was nothing further that Sedgwick could do because the three-year statute of limitations had expired. Comp. ¶ 39. Plaintiff claims that he explained to Defendant Brach that his claims were based on his latent injuries and the two continued discussing his claim. Compl. ¶ 40. Plaintiff alleges that Defendant Brach repetitively responded "ok" to his statements, asked him to confirm information about his injuries, requested that Plaintiff send her documents, and agreed to review everything. Compl. ¶¶ 41–43. Plaintiff alleges that in reliance on Defendant Brach's statements he sent her documents, which cost him time and money, and he did not submit additional claims for medical monitoring damages. Compl. ¶ 48. On March 23, 2017, Defendant Brach sent Plaintiff an email, with an attached letter, denying his claim based on the applicable statute of limitations. Compl. ¶ 49.

2

## II.  PROCEDURAL BACKGROUND

Plaintiff initially brought claims against Kmart Pharmacy, Kmart Holding Corporation, Sears Holding Corporation, and Defendant Sedgwick Claims Management Services, Inc., based on the same underlying facts as alleged in this case in a different action, *Ng v. Kmart Pharmacy et al*. *See* Case No. 1:18-cv-09373(MKV).  Sears Holdings Corporation and its affiliated debtors filed for Chapter 11 bankruptcy in the Southern District of New York.  *See In re Sears Holding Corp.*, Case No. 18-23538.  Pursuant to Section 362 of the Bankruptcy Code, all claims against Debtor Sears Holding Corporation, and its affiliates including Kmart Pharmacies, Inc. and Kmart Holding Company, were automatically stayed.  *See* 11 U.S.C. § 362.  Then the Honorable Judge Robert D. Drain of The United States Bankruptcy Court issued an order on January 8, 2019, extending the automatic stay to certain "Non-Debtor Parties," including to Defendant Sedgwick Claims Management Services, Inc. in the related action *Ng v. Kmart Pharmacy et al*, Case No. 1:18-cv-9373.  *See In re Sears Holding Corp.*, Case No. 18-23538 at ECF No. 1528.  Thereafter the Bankruptcy Plan was finalized and executed.  *See In re Sears Holding Corp.*, Case No. 18-23538 at ECF No. 5370.

Plaintiff's initial action was ultimately voluntarily dismissed with prejudice in January 2023 against Sears Holding Corporation, Kmart Pharmacy, and Kmart Holding Corporation because all claims against those Defendants were permanently enjoined by order of the Bankruptcy Court in connection with the bankruptcy and reorganization of Sears Holding Corporation.  *See* Case No. 1:18-cv-09373(MKV) at ECF Nos. 25, 26.  Subsequently, the parties voluntarily dismissed the action without prejudice against Defendant Sedgwick.  *See* Case No. 1:18-cv-09373(MKV) at ECF No. 57.  Thereafter, Plaintiff brought this action against Defendant Sedgwick and its employee Sandra Brach asserting claims for promissory estoppel and equitable estoppel based on many of the same underlying factual allegations.

## **LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). A motion for judgment on the pleadings is assessed under the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). That is, "[j]udgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). The Court is empowered to consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted). When considering a motion for judgment on the pleadings, the Court must accept the facts alleged in the Complaint as true and draw all reasonable inferences in favor of the non-moving party. *Lively v. WAFRA Inv. Advisory Grp. Inc.*, 6 F.4th 293, 302 (2d Cir. 2021). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint filed by a *pro se* plaintiff "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). However, the complaint must satisfy the *Twombly-Iqbal* plausibility standard. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020). "[A] *pro se* plaintiff must support his claims with 'specific and detailed factual allegations, not stated in wholly conclusory

terms.' " *Wightman–Cervantes v. ACLU*, No. 06-CV-4708, 2007 WL 1805483, at *1 (S.D.N.Y. June 25, 2007) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir. 2000)).

## DISCUSSION

### I. PLAINTIFF'S CLAIMS AGAINST DEFENDANT SEDGWICK ARE NOT BARRED BY THE BANKRUPTCY COURT ORDER

As discussed above, the Honorable Judge Robert D. Drain of The United States Bankruptcy Court issued an order extending the automatic stay pursuant to Section 362 of the Bankruptcy Code to certain "Non-Debtor Parties," including to Defendant Sedgwick in the related action *Ng v. Kmart Pharmacy et al*, Case No. 1:18-cv-9373. *See In re Sears Holding Corp.*, Case No. 18-23538 at ECF No. 1528. Thereafter the Bankruptcy Plan was finalized and executed. *See In re Sears Holding Corp.*, Case No. 18-23538 at ECF No. 5370.

Defendant Sedgwick argues that the ultimate Order of Bankruptcy was also extended to Defendant Sedgwick Claims Management Services in the underlying action, and thus, Plaintiff's claims in this action are barred by the Bankruptcy Court's Order. Defs. Mem. at 6. Defendant Sedgwick cites no case law to support its argument and Plaintiff does not address this argument in his purported opposition.

The Bankruptcy Plan states that upon entry of the Bankruptcy Order "all holders of Claims and Interests and other parties in interest, along with their respective present or former employers, agents, officers, directors, principals, and affiliates shall be enjoined from taking any actions to interfere with the implementation or consummations of the Plan." *See In re Sears Holding Corp.*, Case No. 18-23538 at ECF No. 5370–1 at § 15.8(a). The Bankruptcy Plan also states that

> [a]ll Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors . . . and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined with respect to such Claims and Interests from (i) commencing, conducting, or continuing in any manner, directly or

5

> indirectly, any suit, action, or other proceeding of any kind . . . against or affecting the Debtors or the Liquidating Trust . . . ."

*See In re Sears Holding Corp.*, Case No. 18-23538 at ECF No. 5370–1 at § 15.8(b). The Order clearly defines the term "Debtors" and it does not include Defendant Sedgwick. *See In re Sears Holding Corp.*, Case No. 18-23538 at ECF No. 5370–4 at n.1. Thus, this action is not an action brought against or affecting the Debtors that is enjoined by the Bankruptcy Court's Order. Instead it is an action for promissory estoppel and equitable estoppel brought against non-Debtor Defendants Sedgwick and Brach directly for their alleged conduct and their direct interactions with Plaintiff. Although the Complaint discusses the underlying factual allegations related to the precluded claims against the Debtors, that is not the focus of this suit. The focus of this case is the alleged promises and misstatements Defendant made to Plaintiff. Therefore, the Court will consider the merits of the claims asserted by Plaintiff.

## II. PLAINTIFF'S CLAMS AGAINST DEFENDANT SEDGWICK ARE NOT BARRED BY NEW YORK'S INSURANCE LAW

Defendant Sedgwick further argues that Plaintiff's suit against Defendant Sedgwick is barred by Section 3420(a)(2) of the New York State Insurance Law because "the only allowable suit as against an insurance carrier, or third party claims administrator, by a plaintiff is when the plaintiff has an unsatisfied judgment against an 'insured party.' " Defs. Mem. at 7. Defendants argue that because Plaintiff never received a judgment against the insured (Sears Holding Corporation, Kmart Pharmacy, and Kmart Holding Corporation), this suit against Defendants based on its failure to settle his claim is improper and must be dismissed. Defs. Mem. at 7. Once again, Defendant Sedgwick cite no case law to support its argument, and Plaintiff does not address this issue in his opposition.

Section 3420 of the New York Insurance Law

> defines four specific prerequisites as elements of a direct third-party action against an insurer: (1) a judgment against the insured; (2) a thirty-day waiting period, measured from service of notice of entry, during which the judgment remains unsatisfied; (3) an action against the insurer maintained by the person who obtained the judgment; and (4) the amount of the judgment cannot exceed the applicable limit of coverage under the insurance policy.

*NAP, Inc. v. Shuttletex, Inc.*, 112 F. Supp. 2d 369, 373 (S.D.N.Y. 2000). The purpose of these "integral predicates for stating and sustaining a cause of action ***under the statute***" is "that the insurer is to be spared of involvement in litigation until the issue of its insured's liability and the scope of the obligation for damages have been adjudicated." *Id.* (emphasis added); *see also Hartford Fire Ins. Co. v. Mitlof*, 123 F. Supp. 2d 762, 765 (S.D.N.Y. 2000) (holding the plaintiff could not "bring a direct action against [the insurer defendant] until they have obtained a judgment against [insured] in the State action that remains unsatisfied for thirty days").

Construing the Complaint liberally, as the Court is required to do in *pro se* cases, the Court concludes that Plaintiff is not asserting a direct action against Defendant Sedgwick as authorized by the statute to compensate for the wrongs of the insured. Instead, here Plaintiff is asserting claims for promissory estoppel and equitable estoppel against Defendants for the alleged promises and misrepresentations that Defendants purportedly made directly to Plaintiff. The Court recognizes that the factual allegations in this case are heavily intertwined with the alleged wrongdoing of the insured and Plaintiff's claims against the insured, but the Complaint here is asserting claims against Defendants for *its* alleged conduct. As such, Defendants statutory defense does not warrant dismissal and therefore the Court will analyze Plaintiff's claims on the merits.

### III.   PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS

To state a claim for promissory estoppel in New York, Plaintiff must allege: (i) a sufficiently clear and unambiguous promise; (ii) reasonable reliance on the promise; and (iii) injury caused by the reliance. *See Wilson v. Dantas*, 29 N.Y.3d 1051, 1062, 80 N.E.3d 1032 (2017); *see*

7

*also Castellotti v. Free*, 138 A.D.3d 198, 204, 27 N.Y.S.3d 507, 513 (1st Dep't 2016); *ED Cap., LLC v. Bloomfield Inv. Res. Corp.*, 757 F. App'x 26, 29–30 (2d Cir. 2018).

Plaintiff has failed to sufficiently plead a claim for promissory estoppel against Defendants because there was no clear and unambiguous promise. The Complaint points to the March 14, 2017 phone call between Plaintiff and Defendant Brach as the basis for the alleged promises. Specifically, Plaintiff alleges that Defendant Brach "had made a clear and unambiguous promise, that I should send her 'whatever' I have, pertaining to my latent effect claims, and latent injury claims, and she will go over it all, and that she will be in contact with me once she get that from me." Compl. ¶ 46 [sic]. Plaintiff also alleges that "Defendants promised to review/investigate [his] latent effects injury claim." Compl. ¶ 81.

These alleged promises cannot support a claim for promissory estoppel because they indicate only a willingness to consider his documents. *See Lamda Sols. Corp. v. HSBC Bank USA, N.A.*, 574 F. Supp. 3d 205, 215 (S.D.N.Y. 2021) (dismissing a promissory estoppel claim because "the specific allegations in the complaint relating to the alleged promise establish that [the defendant] merely stated a willingness to consider issuing an assignment of proceeds, but did not promise to do so."); *see also Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423, 448 (S.D.N.Y. 2006) ("[A] party *willing to* act is merely 'inclined or favorably disposed in mind' to do so, which . . . falls short of a declaration to do or not do, as required by a claim for promissory estoppel.") (emphasis in original). Even construing the Complaint liberally, the facts alleged support only a willingness to review the documents and the claim, which does not amount to a clear and unambiguous promise sufficient to support a claim for promissory estoppel.

Moreover, the alleged promises are too vague and indefinite to support a claim of promissory estoppel. There are no facts alleged that assert Defendant Brach provided Plaintiff

8

with any specifics or that she promised to engage in any particular type of investigation. There are certainly no allegations that Defendant Brach promised Plaintiff a specific result or outcome of the review. *See Brinsights, LLC v. Charming Shoppes of Delaware, Inc.*, No. 06-CV-1745, 2008 WL 216969, at *5 (S.D.N.Y. Jan. 16, 2008) (concluding that an oral conversation where no specifics were provided and only general reassurances about the future were provided was insufficient to plead promissory estoppel); *see also Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 203–04 (S.D.N.Y. 2023), *aff'd*, No. 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024) (dismissing promissory estoppel claim based on a phone call between an insurer and staff of a medical service office because the insurer simply provided information and undertook no obligation or promise to pay a specific amount). The Complaint alleges that Defendant Brach said to Plaintiff, "send me whatever you have, and I'll go over it all, and I'll see . . . ." Compl. ¶ 45. These vague assurances that she would complete a review without any allegations that she promised specific actions would be taken or that a certain outcome would be the result cannot support a claim for promissory estoppel. *See Bd. of Trustees ex rel. Gen. Ret. Sys. of Detroit v. BNY Mellon, N.A.*, No. 11-CV-6345, 2012 WL 3930112, at *6 (S.D.N.Y. Sept. 10, 2012) ("A promise that is too vague or too indefinite is not actionable under a theory of promissory estoppel."). Accordingly, Plaintiff's promissory estoppel claim must be dismissed.

### IV.    PLAINTIFF'S EQUITABALE ESTOPPEL CLAIM FAILS

Plaintiff also asserts a claim for equitable estoppel, alleging that in reliance on statements made by Defendant Brach Plaintiff sent Defendant Brach various documents and "did not take any action to submit an additional claim for medical monitoring and/or medical monitoring damages" only to have his claim denied. Compl. ¶¶ 92–102. Plaintiff also alleges that the denial letter he received was "misleading and false" because it did not address or set forth any findings "from any review and/or investigation that relates to" his latent injuries claim. Compl. ¶ 101.

Equitable estoppel is an "extraordinary remedy." *Pulver v. Dougherty*, 58 A.D.3d 978, 980, 871 N.Y.S.2d 495, 496 (3d Dep't 2009); *E. Midtown Plaza Hous. Co. v. City of New York*, 218 A.D.2d 628, 628, 631 N.Y.S.2d 38, 38 (1st Dep't 1995). The doctrine should be "invoked sparingly and only under exceptional circumstances." *Luka v. New York City Transit Auth.*, 100 A.D.2d 323, 325, 474 N.Y.S.2d 32, 35 (1st Dep't 1984), *aff'd*, 63 N.Y.2d 667, 479 N.Y.S.2d 524, 468 N.E.2d 706 (1984). "Under New York law, the elements of equitable estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts." *In re Vebeliunas*, 332 F.3d 85, 93–94 (2d Cir. 2003). Further, "[t]he part[y] asserting estoppel must show with respect to [it]sel[f]: (1) lack of knowledge and of the means of knowledge of the true facts; (2) reliance upon the conduct of the party to be estopped; and (3) prejudicial changes in [its] positions." *Id.* at 94.

The Complaint fails to plead facts to sustain a claim for equitable estoppel. Specifically, Plaintiff alleges that Defendant Brach's use of the word "ok" in response to his statements on the phone about his latent injuries claim amounted to a false representation that she accepted or approved his claim, only to deny it later. Compl. ¶¶ 93–94. These allegations cannot support a claim for equitable estoppel because there are no facts alleged that show Defendants made a false representation to Plaintiff. Defendant Brach generally replying "ok" to Plaintiff's statements does not amount to an approval of his claim that can be considered a false representation. The Complaint itself acknowledges this, further alleging that Defendant Brach said "I'll go over it all, and I'll see . . . ." Comp. ¶ 45. The Complaint cannot support a claim for equitable estoppel because it does not plead any facts alleging or even plausibly implying that Defendants made a false representation to Plaintiff.

Additionally, the facts alleging that Defendant Brach said that she would investigate Plaintiff's latent injury claim cannot support Plaintiff's equitable estoppel claim since a claim for equitable estoppel cannot be based on statements with respect to future conduct. *See Longview Equity Fund, LP v. McAndrew,* 2007 WL 186769, at *5 (S.D.N.Y. Jan. 23, 2007) ("[s]tatements relating to the future conduct of the party, rather than a representation concerning a past or present fact, cannot form the basis for equitable estoppel") (quoting *Solow Mgmt. Corp. v. Hochman,* 191 A.D.2d 250, 251, 594 N.Y.S.2d 751 (1st Dep't 1993)) (internal alterations and quotation marks omitted); *see also DePace v. Matsushita Elec. Corp. of America.,* 2004 WL 1588312, at *9 (E.D.N.Y. July 16, 2004) (noting the difference between "claims premised on promissory estoppel," which require reliance based on a "promise[] or a misstatement of future intent," and claims "based on equitable estoppel," which require a misrepresentation of fact). The statements purportedly made by Defendant Brach on the phone call on which Plaintiff relies cannot support a claim of equitable estoppel because they were not statements of present or past facts, but rather statements about potential future acts.

Finally, the Complaint also seems to assert that the denial letter Plaintiff received after the phone call with Defendant Brach concealed material facts because it did not include any information related to his latent injuries claim. Compl. ¶¶ 98, 101. However, the statements in the denial letter cannot support a claim of equitable estoppel because there are no allegations in the Complaint asserting that Plaintiff relied to his detriment on the denial latter to do or not do anything. *See In re Vebeliunas*, 332 F.3d at 93–94 (dismissing equitable estoppel claim in part because there were no facts alleging reliance on the conduct of the party being estopped). Thus, the Complaint fails to plead sufficient facts to state a claim for equitable estoppel.

## **CONCLUSION**

For the reasons discussed above Defendants' motion seeking to dismiss the Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is GRANTED. Because Plaintiff has now filed three separate lawsuits predicated on the same underlying factual allegations, Plaintiff's Complaint is dismissed with prejudice. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 61 and close this case.

**SO ORDERED.**

Date:   **February 21, 2025**
       **New York, NY**

                                            **MARY KAY VYSKOCIL**
                                            **United States District Judge**